UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN THE MATTER OF THE : MISC. NO. 3:17mj1766(Jam)
APPLICATION OF THE UNITED :
STATES OF AMERICA FOR AN : **FILED UNDER SEAL**
ORDER AUTHORIZING THE :
INSTALLATION AND USE OF A : October 27, 2008
PEN REGISTER AND TRAP AND :
TRACE DEVICE :

## APPLICATION

Nora R. Dannehy, an attorney of the United States Department of Justice and the Acting United States Attorney for the District of Connecticut by Raymond F. Miller, an Assistant United States Attorney, hereby applies to the Court for an order authorizing the installation and use of a pen register and of a trap-and-trace device on cellular telephone number (203) 507-3362, IMSI 000002035073362; MSID 000002035073362, a Sprint Nextel cellular telephone ("**Target Telephone 1**")

In support of this application the applicant states the following:

1. Applicant is an "attorney for the Government" as defined in Rule 1(b) of the Federal Rules of Criminal Procedure, and therefore, pursuant to Section 3122 of Title 18, United States Code, may apply for an order authorizing the installation and use of a pen register and trap-and-trace device.

2. Applicant certifies that the Federal Bureau of Investigation is conducting a criminal investigation of Joseph Colon a.k.a. "Joe Nut" and others known and as yet unknown in connection with possible violations of Title 21 United States Code, Sections 841 and 846; that it is believed that the subject of the investigation is using the **Target Telephone** in furtherance of

the subject offenses; and that the information likely to be obtained from the pen register and trap-and-trace device will be relevant to the ongoing criminal investigation.

3. On or about October 14, 2008, the Court granted the government's request to establish a pen register on phone number (203) 507-5562 with the same ISMI listed above. Due to an error by the FBI, that application erroneously listed the number as (203) 507-5562, when in fact the correct number is (203) 507-3362. The initial pen order was never activated by the phone company because the phone number and the IMSI did not match. The government now applies for a pen register order on phone number (203) 507-3362.

4. According to Sprint Nextel Corporation ("Sprint Nextel"), it is providing service to the **Target Telephone**. The **Target Telephone** is subscribed to by Johanna Kennedy, 121 Thomas Street, West Haven, Ct.

5. Applicant requests that the court issue an order, for a period of sixty (60) days commencing on the date and time of the Order without geographical limitation, authorizing the installation and use of a pen register to register numbers dialed or pulsed from the **Target Telephone** number, to record the date and time of such dialings or pulsings, and to record the length of time the telephone receivers in question are off the hook for incoming or outgoing calls, and of a trap-and-trace device that captures the incoming electronic or other impulses which identify the originating numbers or other dialing, routing, addressing, or signaling information likely to identify the sources of wire or electronic communications and to record the date, time, and duration of calls created by such incoming impulses, transmitted to the **Target Telephones**.

6. The applicant further requests that the pen register and trap-and-trace device

capture the Nextel Direct Connect information for individuals contacting, or being contacted by, the **Target Telephone** using the Nextel Direct Connect feature.

7. The applicant further requests that the order direct the furnishing of information, facilities, and technical assistance necessary to unobtrusively accomplish the installation of the pen register and trap-and-trace device by Sprint Nextel with reasonable compensation to be paid by the applicant for reasonable expenses incurred in providing such facilities and assistance.

8. The applicant further requests that the Court seal this Application and its Order because premature disclosure of these items would compromise the success of the investigation, except that a copy of the Application and the Court's Order may be provided to the FBI, and a copy of the Order may be provided to Sprint Nextel.

9. The applicant further requests that pursuant to 18 U.S.C. § 3123(d), to avoid prejudice to the criminal investigation, Sprint Nextel and its agents and employees not disclose or cause a disclosure of the Order to Service Provider or the request for assistance or the existence of this investigation under penalty of criminal prosecution to any person other than those of their agents and employees who require this information to accomplish the services hereby ordered, unless and until otherwise ordered by this Court. In particular, no such disclosure may be made to a lessee, telephone subscriber, or any other person, unless or until otherwise ordered by the Court.

10. The applicant further requests that the authorization given apply not only to the **Target Telephone**, but to any changed number or IMSI numbers subsequently assigned to the **Target Telephone** under the same account within the sixty (60) day period.

11. Further the applicant requests that this order apply not only to Sprint Nextel, but

to any other communications provider who may provide service to the **Target Telephone** numbers and/or the IMSI numbers during the sixty (60) day period of this order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 27, 2008

_____
RAYMOND F. MILLER
ASSISTANT UNITED STATES ATTORNEY